## STATE *v.* WILLIAMS.

### Opinion delivered October 13, 1913.

1. SHERIFFS—DUTY TO FILE INFORMATION—GAMING—STATUTE—CONSTITUTIONALITY.—Kirby's Digest, § 1742, requiring sheriffs and other peace officers who shall have knowledge that any person is guilty of operating a gambling device, to give notice thereof to some judge or justice, and requiring the judge or justice, by appropriate process, to bring the accused into court, to be dealt with according to law; *held* not to conflict with art. 2, § 15, of the Const. of 1874, which provides that all people, shall be secure in their persons, etc. (Page 474.)

2. GAMBLING DEVICE—DUTY OF SHERIFF—NONFEASANCE.—Under Kirby's Digest, § 1742, a sheriff is required to act when it comes to his knowledge that a gambling device is being operated, and the law violated thereby, and he is guilty of a. violation of this statute, only when he wilfully refuses to act upon this knowledge. (Page 475.)

3. SHERIFFS—GAMBLING DEVICE—DUTY OF SHERIFF—NONFEASANCE—QUESTION FOR JURY.—It is a question for the jury in each case to decide whether the sheriff has knowledge of the commission of the offense of running a gambling device, and whether he, exercising an honest and intelligent judgment, fails to act as required by Kirby's Digest, § 1742. (Page 475.)

Appeal from Garland Circuit Court; *A. B. Grace,* Judge, on Exchange; *Guy Fulk,* Judge on Exchange, in Case No. 1789; reversed.

STATEMENT BY THE COURT.

The appellee is the duly acting sheriff of Garland County, and was twice tried upon indictments charging him with nonfeasance in office. It was alleged in each indictment that it had come to appellee's knowledge, as sheriff, that Sam Watt and divers others were guilty of violating the gambling laws of the State, by setting up and exhibiting, in certain described buildings, various gaming tables and gambling devices at which money was won and lost, and that appellee had unlawfully and knowingly failed, refused and neglected to give notice of such violations of the law as was his official duty to do, to some justice or magistrate of the county.

The prosecutions were had under section 1742,

Kirby's Digest, which is set out in full in the judge's charge to the jury in the second trial.

At the conclusion of the evidence at the first trial the court directed the jury to return a verdict of not guilty because, in the opinion of the court, the evidence was not sufficient to warrant a conviction.

At the conclusion of the second trial, upon the second indictment, which was presided over by a different judge from the one presiding at the first trial, the jury was instructed to return a verdict of not guilty for the reason that the said section 1742 was unconstitutional. In directing this verdict for the reason that the prosecution was being conducted under an unconstitutional statute, the trial judge gave the following statement of his views:

"The defendant, R. L. Williams, is being prosecuted in this case under an indictment alleging what is technically called nonfeasance in office, as sheriff of Garland County. The specifications of the charge are that he failed to comply with the provisions of section 1742 of Kirby's Digest of the Statutes of Arkansas, which reads as follows:

" 'When it shall come to the knowledge of any peace officer that any person is guilty of any offenses aforesaid, it shall be his duty to give notice thereof to any judge or magistrate in the county who shall issue his warrant and cause such offender to be brought before him; and it shall be the duty of the judge or magistrate to examine the matter in a summary manner, and to discharge, bail or commit the offender, as the circumstances and the right of the case may require.''

(The offenses referred to in this section are certain violations of the gambling statutes.)

"The section quoted is a part of an act passed in 1838, and incorporated in the old Revised Statutes.

"At the time it was adopted, the Constitution of 1836 was in force, and under this Constitution justices of the peace had no jurisdiction to try persons charged with crime. They could only sit as an examining court .

and discharge, commit or admit to bail the person accused.

"It is also true that in the Constitution of 1836 there was nothing to prohibit the Legislature from enacting a law for the issuance of warrants of arrest not based on any oath or affirmation. Hence, the section first quoted (1742) was a valid exercise of the legislative powers. The purpose of the act was clearly to prohibit and punish gaming, and the exhibition of gaming devices, by causing the offenders to be arrested and brought before an inferior court for examination, and there to be bound over or committed to await indictment by the grand jury if the evidence justified it.

"In 1874 the people of the State adopted a new Constitution, article 2, section 15, which reads as follows:

" 'The right of the people of this State to be secure in their person, houses, papers and effects against unreasonable searches and seizures, shall not be violated; and no warrant shall issue except on probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized.'

"Since the adoption of the above provision, no magistrate or other person in this State had any legal authority to issue a warrant for the arrest of any person on any charge, except after affidavit or affirmation describing the offense shall have first been filed. This is so clearly in direct conflict with section 1742, Kirby's Digest, as to operate to repeal and render it nugatory. It is true that the sheriff might still give the information, but he is not required to do so under an oath, and the magistrate receiving it has no power to compel any other person to do so. Therefore, he could not legally issue any warrant of arrest under the law, as it now stands, and the enforcement of the law would be in no wise facilitated.

"It is a maxim that no man is required by law to do a vain thing, and another that when the reason ceases the rule ceases also. The Constitution having deprived

the court or magistrate of the power to act, it would be an idle form for the sheriff to give notice which no one is authorized to act upon—it would be a vain thing. The main object and purpose of section 1742 having been repealed, that is the power to arrest and punish, the mere accessory provisions must fall with it, according to well-known canons of construction. The result is that there is now no law on the statute book authorizing the prosecution of the defendant for the nonfeasance charged in the indictment. It is wholly immaterial whether or not these charges are sustained by the evidence. Even if they were conceded to be true, they constitute no offense at common law and violate no statute.

"You are therefore instructed that as a matter of law the defendant is not guilty of any crime, and you are directed to return a verdict of not guilty."

We set the charge out in full because it presents the issue raised for our decision. The appellee's counsel say it clearly states their views of the law and they pitch their present defense upon its soundness. And for these reasons we do not set out the evidence, which in our opinion was sufficient to require the submission of the cases to the jury, so far as the proof was concerned.

Section 1472 was brought forward from the Revised Statutes, where it is found on page 274, as section 9 of chapter 44, division 6, article 3, and as there found reads as follows:

"Section 9. When it shall come to the knowledge of any sheriff, coroner or constable, or either of their deputies, that any person is guilty of any of the offenses created or prohibited by this title, it shall be their duty to give notice thereof to any judge or justice of the peace for the county, who shall issue his warrant and cause such offender to be brought before him, and it shall be the duty of the justice or judge to examine the matter and discharge, bail or commit the offender as the circumstances and the right of the case may require."

This is the correct reading of the section, the

changes having been made by the digester in conforming that chapter.

As stated by the learned trial judge, we have adopted the Constitution of 1874 since the enactment of the above-quoted section of the statute, and in this Constitution is found section 15 of article 2 as set out in the judge's charge. It will be observed that this section 15, article 2, of our Constitution is practically identical with the Fourth Amendment to the Constitution of the United States. Is the statute constitutional?

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, and *Vaughan & Akers,* for appellant; *Gibson Witt,* prosecuting attorney, and *W. G. Bouic,* of counsel.

1. The word "warrant" occurring in section 15, article 2, Const. '74, stressed by the trial court in his instruction, refers to, and means "search warrant," as appears by the marginal explanation thereof. See Cooley's Const. Lim. 367, 368, 369, 370, 377. Compare Kirby's Dig., §§ 1644, 1672, 1737, 2132-4-5, 7483, 7973.

In holding that "since the adoption of the above provision, no magistrate or other person in this State has any legal authority to issue a warrant for any person for the arrest of any person on any charge except after affidavit or information describing the offense shall first have been filed," etc., the court erred, because article 7, section 40, of the Constitution gives jurisdiction of misdemeanors to justices of the peace. It further committed reversible error in holding that the sheriff was not bound to give the notice or file information. The evidence shows that appellee not only knew that gambling was going on in Hot Springs, but that he saw it going on. Kirby's Dig., §§ 2109, 7754, 7760, 7765. He was guilty of nonfeasance in failing to arrest where gambling was going on openly and in his view. This is true, even if section 1742 be held invalid, for it was his duty, in that case, to arrest under section 2068, Kirby's Digest, treating the gamblers as vagrants. See Kirby's Dig., §§ 2447-2450.

2. If we had no statutes requiring sheriffs to give notice or file information, appellee was guilty of nonfeasance under the common law. 40 Am. St. Rep. 708, and notes; *Id.* 911; 15 N. W. 330; 17 Am. & Eng. Enc. Pl. & Pr. 242, par. 2, 243, and notes, 246, par. b, and note 3; *Id.* 252; 19 Am. & Eng. Ann. Cases, 86; 2 Bishop, Cr. L., § 978; *Id.*, § § 459, 464, 468a; 2 Bishop, Cr. Proc., § 824; 68 Ark. 561; 47 Pac. 282.

If the indictment was a good statutory indictment, it is good under the common law. 1 Bish. Stat. Cr., § § 164-5, note 4. Section 1742 is declaratory of and affirms the common law. 1 Bish. Cr. Proc., § 599, note 1, § § 600, 601.

3. There is no inconsistency between article 2, section 15, Constitution, and section 1742, Digest. 34 Ark. Law Rep. 385.

The statute has not been repealed. (a) Repeals by implication are not favored. 101 Ark. 239-244; 41 Ark. 149; Kirby's Dig., § § 7792-7819.

(b) The presumption is that legislative acts are constitutional. 56 Ark. 485; 36 Ark. 171; 51 Ark. 534; 32 Ark. 131; 100 Ark. 175; 93 Ark. 612-620; 85 Ark. 171; 75 Ark. 125, 126.

(c) Long acquiescence in the validity of a statute will have great weight in determining its constitutionality. 10 Cent. Dig. 1233-1234, and cases cited; 44 N. E. 469; 5 U. S. Rep. 299; 11 Cal. 175; 141 Ill. 469; 2 Gill. 487; 15 Md. 376; 22 Md. 468; 85 Am. Dec. 658; 15 Mass. 197; 77 Am. Dec. 539; 54 Mo. 238; 54 Pa. St. 255; 101 *Id.* 560; 22 Tex. 504.

4. If the Constitution, article 2, section 15, renders void the latter part of section 1742, Digest, which is not conceded, the statute being separable, the unobjectionable part would still stand. 92 Ark. 93; 91 Ark. 284; 89 Ark. 418-423; *Id.* 466-7, 470; 80 Ark. 151; 70 Ark. 94; 53 Ark. 491-4; 40 Ark. 448.

5. Appellee is not entitled to raise the constitutionality of the act. ''Ministerial officers can not contest the constitutionality of a statute as a defense in proceed-

ings against them for disobeying its mandate." 8 Cyc. 789, par. 4, and note 96; 3 Mackey (D. C.) 32; 90 N. Y. 498; 4 Ohio St. & C. Pl. Dec. 461. See also 8 Cyc. 789, note 1, and cases cited; *Id.* 787 F., note 90; *Id.* 790, note 2; 75 Ark. 328; 70 Ark. 549; 69 Pac. 199, 200; 106 Fed. 886; 73 N. W. 87; 4 Am. Dig. (Dec. ed.), par. 42, Constitutional Law; Cooley's Const. Lim. 198-9, 200; 121 Fed. 772; 62 Atl. 1017-18; 70 N. E. 156-158; 71 N. W. 438; 12 Am. St. Rep. 185, 186; 47 Pac. 278; 23 Col. 300.

*M. S. Cobb, W. H. Martin* and *X. O. Pindall,* for appellee.

1. It is sufficient answer to a large part of appellant's argument touching the duty of sheriffs to say that appellee was indicted for the specific offense of failing to give notice under section 1742, Kirby's Digest. He can not in this proceeding be convicted for failing to arrest gamblers as vagrants, etc.

2. There is no merit in the argument that the indictment is good at common law, if good under the statute. Gambling was not a common law offense, hence failure to give information to a magistrate or judge that gambling was going on was not a violation of the common law. 15 Ark. 259; 20 Cyc. 879, and note 3, citations.

3. This is the first instance we can find, and the industry of appellant's counsel has not been more successful where the statute in question has been called into operation since its enactment. The claim of long acquiescence in determining its constitutionality can have no weight, and the authorities cited by appellant are not applicable.

4. Section 1742, Digest, is not divisible. It is composed of a single sentence, no part of which could be taken away without destroying the entire section.

When the invalid part of a statute is so related to the valid part as to constitute an essential element of it, it renders the whole of it unconstitutional. 62 Atl. 1017; Ann. Cas. 1913, B. 946. See also 48 Ark. 370; 53 Ark. 490.

5. Appellee is not precluded from raising the constitutionality of the act. 8 Cyc. 868; 64 Am. Dec. 50;

Cooley's Const. Lim. 108; 61 Am. Dec. 381; 54 *Id.* 253, and note; 23 Col. 300; 170 Mo. 272, 77 S. W. 560; 46 Ark. 312; 24 Ark. 161.

6. The statute is unconstitutional. Section 1742, being in conflict with the Constitution, art. 2, § 15, and inconsistent with its provisions, was expressly repealed. Section 1, Schedule, Const. 1874; 8 Cyc. 747; 29 L. R. A. 798; 28 Ala. Ann. 601; 74 Mo. 335; 64 Mo. 58; 46 Neb. 612; 65 N. W. 873; 33 L. R. A. 554; 2 Wheeler, (N. Y.) 77.

SMITH, J., (after stating the facts). It is proper and essential that we consider what duties are imposed upon the officer here charged with the enforcement of the gaming laws. The statute, as applied to the facts of this case, provides that when it comes to the knowledge of a sheriff that any person is guilty of the offense of operating a gambling device, such sheriff shall give notice thereof to some judge or justice of the peace of the county. When this notice has been given, it becomes the duty of the officer to whom it was given to immediately bring before him, by appropriate process of his court, the person so accused of violating the law, to be dealt with according to the law. This section does not require the sheriff to set the law's machinery in motion whenever he shall merely have heard of a violation of the law. He is not required to run down every idle rumor, or to act upon information which he may not regard as reliable. He is required to act only when it comes to his knowledge that the law is being violated, and he is guilty of a violation of this statute only when he wilfully refuses to act upon this information. It is of course a question of fact in each case for a jury to determine whether or not a sheriff has this knowledge, and in determining that fact the jury should regard the evidence alleged to constitute the proof of this knowledge from the sheriff's viewpoint, and, in doing so, should decide whether this officer, exercising an honest and intelligent judgment, would have knowledge, which in effect here means probable cause, to give notice under this statute of its violation.

But it is said this section is void because the officer was not required to give this notice under oath and because the Constitution provided that warrants for search and seizure can be issued only upon oath or affirmation. But such is not the case. Only officers can give this notice, and only such officers as have been required to take an official oath. They act officially, and are under the sanctity of an official oath. Their action is taken in compliance with their oath. The burden, or privilege, of giving this notice is not imposed by this statute upon any private citizen, whatever his knowledge of the facts may be. If the private citizen who has knowledge of the facts desires the law put in motion he must apprise the officer whose actions are had under an official oath. Had the statute intended to dispense with the necessity of an oath, the privilege of giving this notice could have been conferred on private citizens. But the private citizen can give notice to the justice of the peace only by making an affidavit for a warrant of arrest. The Legislature in its wisdom determined that there was a necessity to make certain peace officers prosecuting officers in the enforcement of the laws against gambling. Gambling, in a sense, is an impersonal offense, and there is not usually a prosecutor at hand, as there is in prosecutions of offenses for violation of the laws protecting one's peace, person or property. And so certain peace officers are made prosecuting officers in regard to gaming, and the judicial officers to whom they report are required to proceed when they have this notice of the violation of the laws against gaming. The statute does not say how this notice must be given, but a proper practice, which would make for an orderly enforcement of the law, would require this notice to be in writing. This notice is in the nature of the information which the prosecuting attorney and his deputy are required to file against persons believed to be guilty of carrying concealed weapons, the unlawful sale of liquor, gambling and certain similar offenses. "The deputy prosecuting attorney provided for in section 6387 shall have authority to file, with any

justice of the peace in his county, information charging any person with carrying weapons unlawfully, the unlawful sale of or being interested in the sale of intoxicating liquors; violation of the blind tiger act or gambling, whereupon it shall be the duty of the justice of the peace to issue a warrant for the arrest of the offender, and in such cases no bond shall be required for the costs of prosecution." Section 6388, Kirby's Digest.

This section might also be said to offend against article 2, section 15, of the Constitution, except that in filing this information the prosecuting attorney is acting under his official oath.

The right of prosecuting officials to file information is well recognized and has long been a common method of instituting prosecutions for misdemeanors.

"A criminal information is an accusation in the nature of an indictment, from which it differs only in being presented by a competent public officer on his oath of office, instead of a grand jury on their oath.

"This proceeding by criminal information comes from the common law, without the aid of statutes; and is allowable by the common law in a great variety of cases, the rule appearing to be that it is a concurrent remedy with the indictment for all misdemeanors, but not permissible in any felony.

"The right to make the information is, by the English law, as it stood when our forefathers imported it to this country, in the Attorney General, who acts upon his own official discretion without the interference of the court; or, if the office of Attorney General is vacant, it is in like manner in the Solicitor General.

"In the American States the criminal information should be deemed to be such, and such only, as, in England, is presented by the attorney or solicitor general. This part of the English common law has plainly become common law with us. And as, with us, the powers which in England are exercised by the Attorney General and the Solicitor General are largely distributed among our district attorneys, whose office does not exist in England,

the latter officers would seem to be entitled, under our common law, to prosecute by information, as a right adhering to their office, and without leave of court. And such is the doctrine extensively if not universally acted upon in our States, though in some of them it is more or less aided by statutes.'' *State* v. *Whitlock*, 41 Ark. 406. *State* v. *Kyle*, 65 S. W. 763.

Section 1742 of Kirby's Digest makes certain peace officers prosecuting officers for the specified purposes, and imposes upon them the burden of giving notice, or filing information, under the conditions stated. Likedise, section 1748 of Kirby's Digest imposes similar duties in cetrain cases upon prosecuting attorneys.

''It shall be the duty of each prosecuting attorney in this State who knows or is informed of any person **or** persons exhibiting or setting up, or aiding or assisting in setting up, any [gambling] device described in the preceding section, in his circuit to take immediate steps to have such person or persons immediately arrested for trial, and such prosecuting attorney shall have such person or persons arrested as above provided for each separate offense done or committed on every separate day.''

The making of the peace officers named in this section 1742 prosecuting officers, and giving them authority to file information under the conditions there required, does not in our opinion offend against this section 15 of article 2, of the Constitution, and the judgment of the court below, in each of the cases, is accordingly reversed and remanded for a new trial.